Turlev, J.
delivered the opinion of the court.
Complainant by this bill seeks to be restored to the possession of the four tenths of the steam boat Jefferson; to have an account of the profits from the time he was deprived thereof, and to have an award between him and his co-partn.er, Burge, opened in order that he, Burge, may be charged with the additional sum of four hundred dollars of partnership funds received by him, with which he neglected to charge himself, and which by forgetfulness and mistake was not brought before the arbitrators.
We are of opinion that the sale of complainant’s interest in the steam boat Jefferson, under execution-, on 4th May, 1833, was legal, and passed bis interest to the purchaser.
The proof does n<a£ sustain the position, that the execution was satisfied by Thomas Hardeman and James Johnson before the sale. Johnson in his answer expressly states, that on 4th May, 1833, he and Thomas Hardeman agreed that they *203 would jointly pay the execution, and that the same should be transferred to Hardeman,' as the friend of his father. deposition :of Hicks states that the payment was made on 4th May, 1833; and that in consequence of said payment, he transferred the benefit of the execution to Hardeman on the Same day and before the salé. The déposition of Thomas Hardeman expressly denies that the intention was to satisfy the execution, blit on the contrary, that his design was to purchase it, and that he did so on the day of sale, and took an assignmeut of the interest therein — the return of the sheriff on the execution shoWs that the sale was rnade oii 4tH May, 1833, agreeing therein with the answer 'of Johnson, and the deposition of the witnesses referred to. There is nothing in the deposition of W. Williams, which when property understood contradicts these facts. He says, when he arrived in town on the day of sale, he was informed that the boat was not to be sold, that the matter was in 'some Way arranged, but that in the afternoon he was directed to self, which he did. This does not prove that the matter was arranged by a payment of the execution, and is not at all inconsistent with the allegation, that it was arranged by a payment of the money, and a consequent assignment of the execution. The circumstances of the case go to strengthen this position. At the time the arrangement was made with the plaintiff in the execution, it was believed that Thomas Hardeman Was the agent of complainant; the power of attorney constituting him such, had been returned for further ratification, and no doubt could have existed that it would receive it, and the intention in raking the assignment df the execution was not to sell the boat under it, but to protect it for the benefit of complainant, and to keep up the lien of the execution. But in the morning of the day of sale, and after this arrangement had been made, a messenger arrived from complainant, with the information, that he had cancelled' the power of attorney the day before, so that at the time the arrangement was made, Thomas Hardeman was not his attorney in fact, and had no power to act for him, the consequence necessarily was, that it had to be considered as an individual transaction; and for the purpose of making all things secure, it was thought advis^ *204 a^e t0 ProceecI with the sale, which was accordingly done, Thomas Hardeman became the purchaser, he admits. .... . r 7 ' with the view of giving the complainant the' benefit, and even perhaps without such admission under such circumstances, as would constitute him a trustee for the complainant.
The validity of this sale cannot be affected by the existence of the deed of trust to Johnson, nor his neglect in not selling under it. There is nothing in the case that looks like fraud- in the execution of the deed of trust. Johnson was-largely bound' for Burge;, he did not take an unreasonable amount of property to secure him against loss on these liabilities,- nor did he grant any favor or indulgence, inconsistent with the rights of other creditors to Burge. Complainant was no party to the deed of trust, and although the debt for which he was bound, and for which his share of the boat was sold, is provided for with others in the deed of trust, yet it does not appear that he ever gave his consent thereto, or in any way whatever requested' the trustee to execute the trust,but on the contrary, he alleges in his bill, that the deed of trust was fraudulent, and seeks to have it cancelled.
The trustees not selling the property in time to meet the debt, even if complainant were in a situation to ask relief therefor, woulcf be mere neglect and no fraud, unless done with á fraudulent intention, which musí; Be'provedi
The legal' right to the complainant’s interest' in the boat then passed by the sale to Thomas Hardeman, as trustee for his father; he afterwards sells the interest to Burge, for $1200, and conveys it to others'for his benefit, and the question is-, whether this sale shall he set aside as fraudulent against the rights of complainant the cestui que trust. We think not; the sale was made by the'directions of complainant, as is proved by Thomas Hardeman, and the surplus left after paying the purchase money of $500 advanced by Thomas Hardeman,-was appropriated to his use. It is true, that His share of the' boat was sold at a low price, but before a court of chancery can rescinda contract for inadequacy of consideration, it must Be-gross and shocking, such as is equivalent to proof of fraud in the transaction. - There is no such inadequacy here; the value of steam boat property is fluctuating, depending upon a variety *205 óf circumstances, which may be changing every day, ... , . J ^ , , , therelore cannot be brought to any fixed or certain standard.In this instance four-tenths of the boat was sold for $1200, ™ J and some time afterwards five-tenths thereof at public auction, under the deed of trust only brought $2100, and bought in at that for the b'e'n'efit of the cestui qué trust. Surely no one' can contend, that this difference is such as shocks the mind.
But it is said that this interest might have been sold for more', if Burge and his trustee Johnson, would have agreed to sell the whole boat at the same time. To this it is sufficient to say, they were not bound to do so. There is no evidence that any means were trsed by Barge to force a sale' of complainant’s interest, and under such circumstances, as to buy it at a sacrifice, and we cannot presume it. For these' reasons we cannot rescind the contract.
As to opening the award, we are of opinion it cannot be done. Though courts of chancery do exercise the power of modifying and changing and setting aside awards, when they have been erroneously made by fraud, accident, or mistake, yet the case must be clearly made out before this power will be exercised, and the proof is upon complainant.
There is no such proof here — there is an allegation in the bill that an item of $400 was by mistake overlooked, but the answer does not admit it, but argumentatively denies it. In the absence of an admission of the fact, by the defendant in his answer, there must be proof from the complainant establishing it. We therefore think there is no error in the decree given by the chancellor, and order it to be affirmed.
Decree affirmed.-